IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LUDMILA KHALID and SYED KHALID,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BANK OF AMERICA, N.A.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>        Defendants. | CIVIL NO. 15-00182 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## **ORDER DISMISSING CASE**

On April 13, 2015, Plaintiffs Ludmila and Syed Khalid, proceeding *pro se*, filed a complaint against Defendant Bank of America, N.A. ("BANA") asserting various federal and state law claims arising from an unsuccessful refinancing of a mortgage relating to certain real property on the island of Maui, on which BANA foreclosed in 2010.  Dkt. No. 1-2.  On September 30, 2015, the Court granted BANA's Motion to Dismiss, but also permitted the Khalids leave to file an amended complaint by October 23, 2015.  Dkt. No. 22 at 11-12.  As of the date of

this order, the Khalids have not filed an amended complaint.  Because the Khalids have failed to comply with the Court's order, this action is DISMISSED.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him or her to file an amended pleading within a specified time period.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  Before dismissing an action for failure to prosecute, the court must weigh:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.

## I. Expeditious Resolution and Need to Manage Docket

The Court's September 30, 2015 Order was clear: "The Khalids are granted until **October 23, 2015** to file an amended complaint in accordance with this Order. Failure to do so will result in the closure of this case without further notice." Dkt. No. 22 at 11-12. The Court unambiguously advised the Khalids that they must file an amended complaint by October 23, 2015, or risk dismissal of the action. The Khalids' failure to do so hinders the Court's ability to move this case forward and indicates that the Khalids do not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Accordingly, the public's interest in expeditious resolution of litigation and the court's need to manage its docket both favor dismissal.

## II. Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. Here, the Khalids offer no excuse, much less an unsatisfactory one, to explain their failure to file an amended complaint. This factor favors dismissal.

### III.   Availability of Less Drastic Alternatives

The Court attempted to avoid outright dismissal of this action by giving the Khalids 23 days leave to amend.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Alternatives to dismissal are not appropriate given the Khalids' failure to meaningfully participate in their own litigation.

### IV.   Public Policy

Although public policy favors the disposition of cases on their merits, it is the responsibility of the complaining party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir.1991).  The Khalids have failed to discharge these responsibilities, despite the Court's express warning about the possibility of dismissal.  The Court acknowledges that public policy favors disposing of cases on their merits.  However, because four of the *Ferdik* factors favor dismissal, this lone factor is outweighed by the others.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: October 29, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Khalid v. Bank of America, N.A., et al.; CV 15-00182 DKW-KSC; ORDER DISMISSING CASE